OPINION
Joyce Edmondson appeals from a judgment and decree of divorce terminating her marriage to Wayne Edmondson.
Joyce and Wayne[1] were married in 1970. Two children were born of the marriage, both of whom were emancipated when the parties were divorced.
This matter was tried to a magistrate on January 7, 2000. The magistrate issued his Decision and Order on January 20, 2000. On February 3, 2000, Joyce filed objections to the magistrate's decision, and on February 17, filed a memorandum in support of her objections. Wayne filed a response to Joyce's objections on February 29, 2000. The trial judge overruled Joyce's objections on April 18, 2000, adopting the magistrate's Decision and Order. Joyce filed timely notice of appeal.
Wayne is employed at General Electric and has accrued a sizeable pension account with the company. The sole issue presented on appeal involves the decision of the magistrate to order a Qualified Domestic Relations Order ("QDRO") to divide Wayne's pension plan equally between the parties upon Wayne's retirement.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DECLINED TO DIVIDE THE PRESENT VALUE OF MR. EDMONDSON'S PENSION PLAN
 The parties retained a joint expert, Pension Evaluators, to place a value on the pension. The magistrate found, however, that this evaluation "was based on certain factual assumptions whose probability of occurrence at this point is uncertain." Therefore, the magistrate concluded that "dividing the present value of the General Electric Pension Plan would not be equitable." The magistrate ordered the division of the pension by QDRO instead, which means that Joyce will be required to wait until Wayne retires in order to collect her share of his pension.
Joyce submitted two objections to the magistrate's decision, only one of which is pertinent to the error assigned. The objection read as follows:
 THE MAGISTRATE ABUSED HIS DISCRETION AND ERRED WHEN HE FOUND THAT THE PRESENT VALUE OF PLAINTIFF'S GENERAL ELECTRIC PENSION PLAN WAS BASED UPON CERTAIN FACTUAL ASSUMPTION [sic] WHICH MAY NOT OCCUR AND WHEN HE DECLINED TO DIVIDE THE PRESENT VALUE OF THE PENSION PLAN.
 In the memorandum in support of the objections, Joyce argued that there were sufficient assets in the marriage to offset her share of Wayne's pension. She requested the court to apply Wayne's share of the proceeds from the sale of their marital home, plus money from his share of a savings plan, to presently award her half of the value of the pension. Wayne would then receive the entire pension fund. Joyce argued that this would achieve one of the goals of the courts in domestic relations matters — disentanglement of the parties. In support of this proposition Joyce cited Hoyt v. Hoyt (1990), 53 Ohio St.3d 177. In his response to this objection, Wayne argued that while a complete severance of financial ties may be preferable, the Hoyt case does not make this mandatory.
The trial court, when considering Joyce's objection, took her objection to mean that she was requesting an immediate division of the pension fund itself. The court ruled that "[a] lump sum division of the pension would destroy the asset to the detriment of both parties." The court adopted the entry of the magistrate, based on the reasoning that a QDRO would "preserve the pension so that it will render the greater benefit."
The trial court appears to have misapprehended Joyce's objection. She objected to the magistrate's decision to delay the actual division of the pension funds by choosing to employ a QDRO. She asked the trial court to find that the magistrate should instead have awarded her other marital assets to offset her share of the pension, not to divide the pension itself.
The trial court failed to rule on the substance of Joyce's objection as mandated by Civ.R. 53(E)(4)(b). This court is not in a position to decide the issue presented. Therefore, the assignment of error is sustained. The order of the trial court shall be reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
WOLFF, J. and FAIN, J., concur
[1] For purposes of economy and clarity, the parties will be identifiedby their first names.